State vs. Jones.

No. 251.

THE STATE OF LOUISIANA VS. WILLIAM HARRISON JONES.

An information for larceny charging that the accused "did feloniously and wilfully steal, take and carry away of the property and from the possession of A. Z.," etc., is not defective for failing to state that the property was taken without the consent of the owner, and with the intent on the part of the accused to convert the same to his own use.

These are necessary ingredients in the proof of larceny, and as such should be charged to the jury, but in pleading the same meaning may be conveyed by different words.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*J. Henry Shepherd*, District Attorney, for the State, Appellee.

*Patterson & Dormer* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Defendant appeals from a conviction of larceny.

His complaint, by way of a motion in arrest of judgment, is that the information presented against him was materially defective through the omission to charge that the taking was without the consent of the owner, and with the intent to appropriate the goods taken to the taker's own use.

The gravamen of the offense charged in the information is that the accused "did wilfully and feloniously steal, take and carry away of the property and from the possession of A. Z.," etc.

The contention of counsel for the accused seems to be that this averment would not be sufficiently explicit to admit proof that the taking was without the consent of the owner, and with the intent on the part of the accused to appropriate the things taken to his own use.

But it appears clear to us that the words used in the information, as hereinabove transcribed, and construed under their usual acceptation, convey precisely that meaning and nothing else. And no provision of our law or ruling of criminal jurisprudence requires that the pleader must charge the offense in the identical words used at common law in the definition of larceny.

The authority quoted by counsel goes to the extent only of requiring the judge to charge the jury that the ingredients of larceny are the taking without the consent of the owner, and the intent on the part of the accused to appropriate to his own use. State vs. Davis, 22 Ann. 77.

The question of the sufficiency of the indictment was not presented in that case, in which the verdict was set aside and the case remanded, on the sole ground of an error in the judge's charge to the jury.

But the question did come up in the case of the State vs. de Serrant, in 33 Ann. 979; and the ruling therein made is fatal to the contention of counsel for the accused.

In that case the complaint was that " said information does not charge any crime, as it fails to state that the articles charged to have been taken and carried away were so taken with the felonious intent to convert to his ( the taker's ) own use, and make them his property without the consent of the owner."

The complaint was disposed of in the following language :  " The information, after describing the property and setting forth the ownership thereof, proceeds to charge that the same 'then and there being found, the defendant feloniously did take, steal and carry away, contrary to the form of the statute,' etc.

" This was sufficient, and the other averments mentioned in the assignment were wholly unnecessary."

It is clear that this case precisely covers, and hence it must govern, the point under discussion in the present case.

We, therefore, conclude and we hold that an indictment or information for larceny is not required in law to be in the very words employed at common law, in the definition of that crime, provided that the words used in the instrument as construed under their usual acceptation, are sufficient to convey the same idea.

Judgment affirmed.